# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HOLLIDAY,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-4564 |
| PRIME CARE MEDICAL, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

**RUFE, J.**                                                                                     **NOVEMBER 6, 2019**

This matter comes before the Court by way of several motions filed by Plaintiff Michael Holliday, proceeding *pro se*. The motions currently before the Court include the following: (1) a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4); (2) a Motion Requesting Additional Time to File *In Forma Pauperis* (ECF No. 6); (3) a Motion to Submit Additional Details (ECF No. 7); (4) a Motion Requesting Case Status, Requesting Relief of Court, and to Submit Evidence (ECF No. 8); (5) a Motion Adding Additional Details (ECF No. 9); (6) a second Motion to Submit Additional Details (ECF No. 10); (7) a second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 12); and (8) a Motion to Add Details/Motion for Case Status (ECF No. 13). Because it appears that Holliday is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, Holliday's Complaint (ECF No. 1) is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, Holliday will be granted leave to file an amended complaint within thirty days.

## I.     FACTS AND PROCEDURAL HISTORY

Holliday, a convicted inmate currently incarcerated in Berks County Prison, brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. On October 2, 2019, Holliday submitted the Complaint (ECF No. 1) in this matter but did not pay

the required filing fee or seek leave to proceed *in forma pauperis*. Accordingly, by Order dated October 9, 2019,[1] the Court directed that if Holliday wished to proceed with the action he should either pay the $400 filing fee or file a motion to proceed *in forma pauperis* within thirty days. (ECF No. 3 at 1.) On October 11, 2019, just two days later, Holliday filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4).[2] It appears that the Court's October 9, 2019 Order and Holliday's October 11, 2019 Motion crossed in the mail. It seems that upon receipt of the Court's October 9, 2019 Order, Holliday, likely presuming the Court had not received his October 11, 2019 Motion to for Leave to Proceed *In Forma Pauperis*, filed a Motion Requesting Additional Time to File *In Forma Pauperis* (ECF No. 6) on October 21, 2019. He also subsequently filed a second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 12) on October 23, 2019.

After Holliday submitted his initial Complaint (ECF No. 1) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4), but before the Court had an opportunity to rule on the Motion and screen the Complaint pursuant to § 1915, Holliday filed four separate motions (ECF Nos. 7, 9, 10, 13) each of which seek to "submit" or "add" what Holliday identifies as "additional details" to his initial Complaint. It appears these Motions seek to add additional facts regarding events that occurred from approximately October 1, 2019 through October 26, 2019. Moreover, Holliday also filed a Motion Requesting Case Status, Requesting Relief of Court, and to Submit Evidence (ECF No. 8) on October 21, 2019. He then filed a series of Exhibits (ECF No. 11) which appear to include Inmate Communication Forms, Inmate Grievance Forms, Misconduct Citations, and a Disciplinary Hearing Appeal.

---

[1] The October 9, 2019 Order was entered on the docket on October 10, 2019.

[2] Although the Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4) was stamped "FILED" by the Clerk of Court on October 11, 2019, it was not docketed until October 16, 2019.

## II. STANDARD OF REVIEW

As Holliday is proceeding *in forma pauperis*, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.[3] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Holliday is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In the Complaint, Holliday seeks to bring claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In order screen Holliday's allegations and determine whether he has stated any plausible claims for relief, the Court is bound by the initial Complaint (ECF No. 1) he submitted on October 2, 2019. However, Holliday subsequently filed four separate motions (ECF Nos. 7, 9, 10, 13) which all seek to "submit" or "add" "additional details" to Holliday's initial Complaint. These

---

[3] As Holliday filed this case while incarcerated, he is obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Motions complicate the Court's ability to screen the initial Complaint because these Motions include information that was not included in the initial Complaint itself. After careful review, the Court construes these four Motions as Holliday's request for leave to file an amended complaint in this matter so that he can include all the relevant facts and allegations pertinent to his claims. Therefore, in order to conduct a comprehensive screening of Holliday's claims and facilitate the streamlining of this case in the future, the Court will grant Holliday's Motions and allow him to file an amended complaint within thirty days.

However, Holliday should note that an amended complaint, once submitted to the Court, will serve as the governing pleading in this case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Moreover, at the time the Court screens any amended complaint Holliday should submit in accordance with § 1915, the Court will be limited to the allegations in the amended complaint in determining whether Holliday has stated a claim for relief. *See Argentina v. Gillette*, Civ. A. No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019) (recognizing that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings.").

Therefore, in drafting his amended complaint, Holiday should note that his amended complaint shall identify all defendants in the caption in addition to identifying them in the body

4

of the amended complaint, shall state the basis for Holliday's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 19-4564.  When Holliday files his amended complaint, it must be a complete document that includes all of the bases for Holliday's claims.  Claims that are not included in the amended complaint will not be considered part of this case.  Thus, when drafting his amended complaint, Holliday should be mindful to include all of the factual allegations in a ***single, comprehensive document*** that encompasses all the relevant allegations from his initial Complaint and the Motions he filed seeking to add additional facts.

The only remaining motion for the Court to consider at this time is Holliday's Motion Requesting Case Status, Requesting Relief of Court, and to Submit Evidence (ECF No. 8).  To the extent this Motion asks the Court for an update on the status of Holliday's case, the Motion is granted by way of this Memorandum and its accompanying Order.  The Motion also appears to seek an order from the Court directing prison officials to provide a specific prescription medication for Holliday's tachycardia as well as an MRI or cat scan to diagnose and treat possible symptoms relating to a stroke.  The relief Holliday seeks in the Motion with respect to his medical treatment directly relates to the claims he seeks to bring in the initial Complaint and is duplicative of the some of the relief he seeks in this action in general.  In light of the Court granting Holliday leave to filed an amended complaint, this Motion will be denied without prejudice as premature with respect to the medical treatment Holliday seeks.

## IV. CONCLUSION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915, the Court will grant Holliday leave to proceed *in forma pauperis*. Holliday will be given leave to file an amended complaint with thirty (30) days of the date of this Memorandum. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**