IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HOLLIDAY,  :  <br>    Plaintiff,        :  <br>                         :  <br>    v.                   :         CIVIL ACTION NO. 19-CV-4564  <br>                         :  <br>PRIME CARE MEDICAL, *et al.*,  :  <br>    Defendants.      : | |

**ORDER**

**AND NOW**, this 25th day of January 2021, upon consideration of Plaintiff Michael Holliday's Amended Complaint (ECF No. 16) and his Motion for a Case Status Update (ECF No. 19), and for the reasons stated in the Court's Memorandum, it is **ORDERED** that:

1. The Amended Complaint is **DEEMED** filed.

2. Holliday's Amended Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Berks County Jail System and Berks County Probation and Parole; and **DISMISSED WITHOUT PREJUDICE** as to Defendants PrimeCare Medical; Warden Janine Quigley; Deputy Warden Smith; Nurse Leona; Officer Katkowski; and Officer Almquist.  The Clerk of Court is directed to **TERMINATE** these Defendants from the docket.

3. Holliday's Amended Complaint shall **PROCEED** with respect to the following claims: (1) Holliday's Eighth Amendment deliberate indifference claim regarding his tachycardia medication against Defendants Wloczewski and Pelaez; (2) Holliday's Eighth Amendment deliberate indifference claim regarding his need for catheters against Defendants Wloczewski and Pelaez; (3) Holliday's claim based upon the cell conditions against Sgt. Acker; (4) Holliday's Eighth Amendment deliberate indifference claim regarding his foot and ankle injury

against Defendants Wloczewski and Pelaez; (5) Holliday's excessive force claim based on Pelaez's deliberately stepping on Holliday's injured foot and causing additional injury; (6) Holliday's Eighth Amendment deliberate indifference claim regarding ongoing symptoms after the methadone dosage mix-up against Defendants Kirsh, Wloczewski, and Pelaez; (7) Holliday's retaliation claims against Defendants Wloczewski and Pelaez; and (8) Holliday's Eighth Amendment deliberate indifference claim regarding his gluten free diet claims against Defendant Tassone.

4. The Clerk of Court shall issue summonses for Defendants Acker, Wloczewski, Pelaez, Kirsh, and Tassone. Service of the summonses and the Amended Complaint, along with a copy of this Order and its accompanying Memorandum, shall be made upon these Defendants by the U.S. Marshals Service. Holliday will be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of this case.

5. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>    (Signature)"

6. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Holliday is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within 14 days. Failure to do so may result in dismissal.

7. Holliday is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Holliday shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

8. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

9. In the event a summons is returned unexecuted, it is Holliday's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

10. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

11. Holliday's Motion for a Case Status Update (ECF No. 19) is **DISMISSED AS MOOT**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**